## HADLOCK *vs.* CLEMENT & a.

In an action of trover, the plaintiff, upon default, entered up judgment for the alleged value of the property, without an enquiry, or assessment of damages. Execution was issued, and served, and the money paid by the defendant—*Held*, that after the money had been paid, an *audita querela* would not lie to set aside the judgment and execution.

AUDITA QUERELA. The defendants in this process were summoned to answer to the plaintiff, upon his complaint,

---

* WOODS, J., having been of counsel, did not sit.

" for that the defendants, at the court of common pleas, holden at Haverhill, within and for the county of Grafton, the first Tuesday of May, 1839, impleaded the plaintiff in a plea of the case for trover, and converting to his use forty-seven sides of leather of the defendants, of the value as set forth in their writ, and at the adjourned sitting of said court, on the fourth Tuesday of September next following, said plaintiff was defaulted, and his default entered of record. And the defendants, without the consent of the plaintiff, and without any inquest of damages, but with a purpose to injure him, sued out of the office of the clerk of said court a writ of execution against the plaintiff, for $188.00 damages, and $12.53 costs of suit, and caused the same to be served upon the plaintiff, whereby he was compelled to pay the aforesaid sums," &c., " to the damage of the plaintiff, as he says," &c.

The defendants demurred, and assigned for causes, 1. That the acts set forth in the declaration constitute a trespass. 2. The declaration contains no allegation of the rendition of a judgment, in the action therein set forth, of D. Clement & a. *vs.* Hadlock. 3. It contains no allegation of any matter in discharge of the cause of action set forth in said writ, or of the action itself before judgment, (if any judgment be alleged,) nor any matter in discharge of the judgment after its rendition. 4. The cause of complaint, as set forth, is error in the court, (if error it be,) and not wrong in the plaintiffs in said action. 5. It does not appear that the defendant in said action (now plaintiff,) had not opportunity to take advantage of the matter alleged as the cause of complaint, before judgment. 6. The declaration does not allege fraud, deceit or oppression.

The defendants contended, also, that a writ of *audita querela* would not lie on the facts alleged in the writ, if a judgment had been rendered—the execution having been discharged by the payment of the money, and the plaintiff not being in execution, nor in danger of execution.

*Woods,* (with whom was *Goodall, & Bell,*) for the defendants, at the last term, cited 6 *Dane's Abr.*, ch. 186, a. 1, § 4, 21; 3 *Black. Com.* 103, 406; *Com. Dig.*, *Aud. Qu. A. C.*; 10 *Mass. R.* 103, *Lovejoy* vs. *Webber; Cunningham's Law Dic., Tit. Aud. Qu.*; 1 *Mod.* 111; *Cro. Jac.* 29; *Yelv.* 38, 88, 125; *N. H. Laws* 90; 10 *Verm. R.* 87, *Sutton* vs. *Tyrrel;* 1 *Verm. R.* 437, *Weeks* vs. *Lawrence;* 1 *Aiken's R.* 363, *Little* vs. *Cooke;* 1 *Verm. R.* 498, *Dodge* vs. *Hubbell;* 1 *Aiken* 323.

*Livermore,* for the plaintiff. 1. As to the first cause of demurrer, it is unnecessary to allege any more than the default, because final judgment follows thereupon, of course. *Howe's Pr.* 266; 14 *Mass. R.* 115. 2. The defendants proceeded irregularly in obtaining their execution, and assessing damages. 3 *Black. Com.* 395; *N. H. Laws* 91. The statute giving effect to the default is merely in affirmance of the common law, except that it dispenses with the jury. Default admits only the traversable allegations. 5 *Wend.* 134, *Bates* vs. *Loomis.* 3. The irregularity was such that *audita querela* lies for redress. 2 *Saund.* 248, *Turner* vs. *Davis;* 4 *Mass. R.* 484, *Johnson* vs. *Harvey;* 10 *Mass. R.* 101, *Lovejoy* vs. *Webber.*

This action being in the nature of trespass, damages are given. *Cro. J.* 29, *Agnel* vs. *Randol.*

It also being in the nature of a bill in equity, judgment is rendered according to the exigency of the case. Execution discharged, *Cro. El.* 756; that the defendant have no execution, and the plaintiff be restored to what he has lost. *Turner* vs. *Davis, & Lovejoy* vs. *Webber, before cited.*

*Audita querela* lies for relief against an execution satisfied in part, as to the part satisfied; and is the proper remedy when facts are in dispute. 1 *Johns. R.* 533, *Wardell* vs. *Eden,* (*in notes;*) see, also, *D. Chipman's R.* 387, *Hurlburt* vs. *Mayo.*

The plaintiff, if necessary, would amend his count, so as to set forth the rendition of a judgment.

This action, though for some purposes concurrent with the petition for review, is not superseded by the order of the court therein. The present action being more remedial, by restoring the plaintiff immediately to the money he has wrongfully been deprived of; yet, as it still leaves the defendants the benefit of the default, on which they may take inquest of damages, it is less remedial than the review. We are entitled to damages for the iniquitous and profligate courses of the defendants in regard to us.

PARKER, C. J.* Without entering into any questions relating to the form of this writ, or any special causes of the demurrer, it is sufficient for the disposition of the present case, that we are of opinion that this is not the appropriate remedy for the grievance set forth by the complainant.

An *audita querela* lies for a man in execution, or in danger of it, upon a judgment, statute merchant, staple, or recognizance, where he has matter in fact, or in writing, to avoid such execution, and no other means to take advantage of it. *Com. Dig.*, Audita Querela, A. The authorities generally adopt similar language, in describing it. 2 *Saund.* 148, a, note 1; 3 *Black. Com.* 405; *Jacob's Law Dic., by Tomlin, Tit. Aud. Qu.*; 6 *Dane's Abr.* 314, § 4; 17 *Mass. R.* 158, *Brackett* vs. *Winslow;* 1 *Verm. R.* 496, *Dodge* vs. *Hubbell;* 1 *Aiken's R.* 323, *Staniford* vs. *Barry's Adm'r.*

Several cases in which it lies are set forth, 1 *Fitz. Nat. Brev.* 102, where forms of the writ are also to be found. It is there said that upon an *audita querela* sued, the party shall have a supersedeas, in the same writ, to stay execution, but not upon a new writ after a nonsuit.

In *Sutton* vs. *Tyrrell*, 10 *Verm. R.* 87, it is said that it is a writ to set aside an execution for causes which arose after judgment, and to recover damages of the opposite party—that it did not at common law extend to the judgment; and that no judgment of the court, on any question of law or fact on

* WOODS, J., did not sit.

which it was the duty of the court to pass, can be revised by *audita querela.* But this perhaps must be received with some qualification. In *Bacon's Abridgement, Tit. Aud. Qu.,* it is described as a writ to be delivered against an unjust judgment, or execution, by setting them aside, for some injustice of the party that obtained them, which could not be pleaded in bar of the action. Other authorities hold that it lies where the complainant has had no day in court, or where the judgment is fraudulently obtained. 10 *Mass. R.* 101, *Lovejoy* vs. *Webber;* 1 *Aiken's R.* 323; 1 *Verm. R.* 437, *Weeks* vs. *Lawrence;* 5 *Verm. R.* 549, *Stone* vs. *Seaver;* 6 *Verm. R.* 243, *Barrett* vs. *Vaughan.* In the first of these cases, however, the complainant's lands were held in execution. In another the writ alleged that he was in danger, &c. The danger of execution appears in another, and may perhaps be fairly inferred in the residue.

The complainant in the present case had day in court; and although there may be error in making up the judgment, fraud does not appear. He is not under arrest, nor are his goods in execution, nor have his lands been extended, so that a discharge of the execution, and of the judgment, if that might be done, would operate to release him, or his property; nor is he in danger of execution. The writ alleges that the execution which issued has been satisfied by the payment of the money, and it is discharged. The case, therefore, does not come within the rule laid down, nor can this proceeding furnish the remedy indicated by the authorities cited.

It seems to be supposed, in the argument, that the same thing might be effected in this case, by making the judgment, to be rendered, operative to restore the money collected on the execution. How this is to be effected, whether by an action to be brought by the complainant to recover back the money, or by an execution to be issued in this case, or by a special order for its restoration, and an attachment in case of disobedience, has not been stated. As the complainant claims damages by his writ for the wrong done, and according to

Hadlock *v.* Clement.

several of the authorities is entitled to them if he prevails, (held otherwise, *Dyer* 194,) it would seem, that if he could sustain this proceeding, the money collected on the execution should form part of those damages. But an execution does not, of itself, restore, or carry with it, in all cases, any certain assurance of the collection of the money. And the same remark may be made in relation to the other modes of enforcing any judgment in this case, with a view to its restoration. It is apparent, therefore, that this is not like a case where a party, by means of a wrongful execution, holds the body or property; and where, when the execution is annulled, the discharge of the party, or the release of the property held by it, so that the owner may at once take possession, is a matter of course.

Furthermore : It is supposed, in the argument, that a judgment here, for the complainant, would leave the defendants the benefit of the default in the original action, on which they might have an enquiry of damages. But according to the authorities in Vermont, a judgment for the complainant would put an end to all further proceedings in that case, and compel the defendants in this process, who, it is admitted, have good cause of action, to begin anew ; instead of setting aside the proceedings so far as they are erroneous, and permitting the party to proceed again from the point of the error. 1 *Verm. R.* 498 ; *Ditto* 438 ; 10 *Verm. R.* 90.

For these reasons, we think the complainant must be left to his ordinary remedies for the correction of the error which has occurred. Reference has been made, in the argument, to the fact that he has petitioned for a review of the action. If he does not deem this an adequate remedy, he is not without relief. We are inclined to think that error well lies in such case ; for the judgment must be regarded as the act of the court, although the erroneous proceeding has been occasioned by the fault of the party in entering it up without having an enquiry into the damages. *Howe's Practice* 267 ; 1 *Verm. R.* 437, 8. When error will lie, or the party has any other

remedy, it has been said that *audita querela* will not lie. 6 *Dane* 317, § 21. But this has been denied. If, however, the supposition were correct, that a writ of error could not be sustained here, because the omission of an enquiry into the damages is the wrongful act of the party, the complainant might be relieved, on motion, in the common pleas, where the judgment was rendered. According to *Lister* vs. *Mundell,* 1 *B. & P.* 427, relief might be had in that mode, even if this process would lie. 1 *D. Chip. R.* 391, *acc.*

There is certainly no occasion, therefore, for extending a remedy, which has fallen into disuse in the cases where it has been held to be applicable, to a case beyond the ordinary scope of it.

*Judgment for the defendant on the demurrer.*